An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL LITTLE,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
DOUGLAS W. HERNDON, DISTRICT
JUDGE,
Respondents,
and
THE STATE OF NEVADA; AND CLARK
COUNTY HEALTH DISTRICT, WASTE
MANAGEMENT DIVISION,
Real Parties in Interest.

No. 64022

FILED

OCT 1 7 2013



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER DENYING PETITION FOR WRIT OF PROHIBITION, MANDAMUS, OR HABEAS CORPUS

This is an original proper person petition for a writ of prohibition, mandamus, or habeas corpus[1] challenging a district court order granting a preliminary injunction.

This court may issue a writ of prohibition to arrest the proceedings of a district court exercising its judicial functions when such proceedings are in excess of the district court's jurisdiction. *See* NRS 34.320; *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d

_____

[1]While petitioner alternatively seeks a writ of habeas corpus, he has not explained how he would be entitled to a writ of habeas corpus under the circumstances of this case or how that writ would provide the relief he seeks here. *See* NRS 34.370 (requiring that a petition for a writ of habeas corpus specify that the petitioner is imprisoned or restrained of liberty). Accordingly, we deny petitioner's request for a writ of habeas corpus.

849, 851 (1991). A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, or to control an arbitrary or capricious exercise of discretion. *See* NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). Petitioner bears the burden of demonstrating that our extraordinary intervention is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

Having considered the petition and the attached documents, we conclude that our intervention by extraordinary writ relief is not warranted. *See* NRAP 21(b)(1); *see also Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991) (providing that it is within this court's discretion to determine if a writ petition will be considered). In particular, petitioner may appeal from the district court's order granting an injunction, NRAP 3A(b)(3), and thus, he has a speedy and adequate remedy. *See* NRS 34.170; *Pan*, 120 Nev. at 224, 88 P.3d at 841 (explaining that the right to appeal is generally an adequate legal remedy that precludes writ relief). And to the extent that petitioner seeks an order directing the district court to resolve his motion to dismiss, we are confident that the district court will do so as quickly as its docket permits. Accordingly, we

ORDER the petition DENIED.

_____, J.
Hardesty

_____ J.
Parraguirre

_____, J.
Cherry

cc: Hon. Douglas W. Herndon, District Judge
Michael Little
Pecos Law Group
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk